## Ex parte CASSESSE.

(District Court, E. D. New York. January 31, 1923.)

**Bail ⬅73—Under facts stated, court will not require acceptance as security of property in another district.**

Where defendant after arrest absconded, and the Circuit Court of Appeals, pending review of his conviction, fixed bail in an unusually large sum, the court will not· exercise its discretion to require acceptance as security of real estate situated in another district.

Habeas Corpus. Application of Antonio Cassesse for writ to secure release from custody. Denied.

George Gordon Battle, of New York City, for relator.

Ralph C. Greene, U. S. Atty., of New York City (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), opposed.

GARVIN, District Judge. The relator has been convicted upon a· charge of conspiracy, and has been sentenced to imprisonment for a period of two years in the United States Penitentiary at Atlanta, Ga. He has taken out a writ of error to secure a review of his conviction, and the Circuit Court of Appeals has granted a stay, fixing bail in the sum of $75,000. The relator has offered real property situated in the borough of Manhattan, city of New York, which is without the Eastern district of New York. The United States attorney declines to accept such bail, and the relator in this proceeding ·seeks to obtain the approval of the Court for the bail offered. Both sides agree that this court must determine the propriety and the sufficiency of the bail offered, and that these questions are within the discretion of this court.

The United States attorney urges that the acceptance of bail outside of the district will seriously inconvenience the speedy and· proper administration of justice in this district, and that it would be a great embarrassment and hardship to the office of the United States attorney, and it would be establishing what is conceived to be a very unwise and dangerous precedent. It appears that this defendant, some months since, when bail had been fixed, absconded and was a fugitive from justice for many months. He was finally apprehended, and was held pending trial in bail of $101,000, fixed by an order of this court with which the Circuit Court of Appeals declined to interfere.

While I have no doubt that, if this court were called upon to fix bail in the case of a defendant pleading to an indictment, a case might arise where, in the discretion of the court, it would be proper to approve bail consisting of property within the Southern district of New York, I am of the opinion that this discretion should not be exercised in the case of a man who has once given bail to which he did not respond. The Circuit Court of Appeals, by fixing bail in the unusually large sum of $75,000, has indicated that it considers this defendant to be a man whose presence cannot be obtained by ordinary bail. Therefore bail, when offered, must consist of property which is so readily accessible to the ·United States attorney as not even to require that he go a short

distance outside his own district to investigate its sufficiency. It is to be presumed that within his district he has proper facilities to determine the value of the security offered.

The writ is dismissed, and the relator remanded to the custody of the United States marshal.